The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn. The appealing party has shown good grounds to reconsider the evidence and therefore, the Opinion and Award is modified with regard to Findings of Fact Numbers 6, 7 and 9, Conclusions of Law Numbers 1, 2 and 3, and Award Numbers 1, 3, 4 and 5.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. That all the parties are bound by and subject to the Workers' Compensation Act.
2. That at all relevant times herein, there existed between plaintiff and defendant the relationship of employer and employee.
* * * * * * * * * * * *
The Full Commission enters the following findings of fact:
FINDINGS OF FACT
1. Plaintiff was fifty-nine years old at the time of the hearing and fifty-five at the time of the alleged accident. Prior to this accident, plaintiff had worked for defendant-employer for approximately sixteen years.
2. Plaintiff was involved in an automobile accident on 27 August 1992 while in the course and scope of his employment with defendant-employer.
3. Plaintiff sustained serious injuries as a result of the automobile accident of 27 August 1992, when the truck he was operating flipped onto its side causing plaintiff to strike his left shoulder and hip. Plaintiff's injuries required him to seek and receive medical treatment.
4. Plaintiff was initially seen and treated at PrimeCare. Plaintiff's condition was diagnosed as strains and contusions to his left shoulder. Plaintiff also complained about pain in his left hip.
5. After plaintiff failed to respond to his treatment and continued to complain, he was seen and treated by Dr. Daniel F. Murphy. Dr. Murphy diagnosed plaintiff's condition as a complete rotator cuff tear to plaintiff's left shoulder. Dr. Murphy repaired the tear through surgery.
6. Shortly after surgery, during the time plaintiff was not working, plaintiff fell as a result of stepping in a hole which caused him to re-injure his left shoulder. Consequently, plaintiff had a second surgery as a result of this fall.
7. Plaintiff has not returned to any form of work since his accident.
8. Defendant-employer fired plaintiff shortly after the accident and informed plaintiff that he was fired due to his accidents. Thereafter, plaintiff received $10,680.00 in unemployment compensation benefits which in the discretion of the Full Commission will not be allowed to be credited against monies defendants owe plaintiff.
9. Dr. Murphy has indicated that plaintiff has reached maximum medical improvement and that he retains a 15% permanent partial disability to his left shoulder. Dr. Murphy also indicated that plaintiff would not be able to return to his regular job or any other job that had the same requirements, but that he needed some light duty work that would include no heavy lifting or excessive overhead use of the left shoulder.
10. Defendant has not offered plaintiff any job and although he has looked, plaintiff has not been able to get any work.
11. Plaintiff has been disabled since the date of the accident and he continues to be temporarily totally disabled.
12. Plaintiff's average weekly wage at the time of the accident was $486.26.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff was an employee of the defendant-employer on 27 August 1992 and was in the course and scope of his employment when he was involved in an accident causing him to sustain an injury to his left shoulder.
2. Plaintiff is entitled to temporary total disability benefits from 27 August 1992 until he is able to return to work or until further order of the Commission.
3. Plaintiff is entitled to medical treatment which is necessary to provide relief, effect a cure or lessen the period of his disability related to his left shoulder injury. However, since the surgery for the second shoulder injury was necessitated because of a non-work related incident, defendants are not obligated to pay for this second surgery.
4. Considering the entire circumstances in this case the Full Commission determines in its discretion not to allow defendants to receive credit for the amount of unemployment compensation paid plaintiff when he was without benefits or work.
* * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to counsel fees hereinafter approved, defendants shall pay to plaintiff compensation benefits at the rate of $324.19 per week for the period from 27 August 1992 through the date of this hearing and continuing until such time as plaintiff has returned to work or further order of the Industrial Commission. Any portion of said benefits which have accrued shall be paid in one lump sum.
2. A reasonable attorney fee in the amount of twenty-five percent of the compensation awarded plaintiff is approved and allowed for plaintiff's counsel. The attorney's fee shall be deducted from the compensation payable to plaintiff and shall be paid directly to plaintiff's attorney.
3. Defendants shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of the accidental injury he sustained. Payment shall be made after defendants have submitted bills for said medical services to the Industrial Commission and said bills have been approved according to the procedures of the Industrial Commission. However, the costs of the second shoulder injury surgery are not defendants obligation.
4. Defendants shall pay the costs.
This the __________ day of July 1997.
 S/ ___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ___________________ COY M. VANCE COMMISSIONER
S/ ___________________ MARY MOORE HOAG DEPUTY COMMISSIONER
DCS:jmf